IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GERALD R. MILLER, Trustee of the      )
Bankruptcy Estate of Jimmy Morris,    )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )        Case No. CIV-06-1008-D
                                      )
LOVE'S TRAVEL STOPS &                 )
COUNTRY STORES, INC.,                 )
                                      )
                    Defendant.        )

# O R D E R

Before the Court is Defendant's Motion to Dismiss State Law Claim [Doc. No. 33]. Plaintiff

has timely objected, and Defendant has filed a reply brief. The motion is thus at issue.

Defendant seeks a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) solely on

Plaintiff's pendent state law claim. The standard of decision is the same as a Rule 12 (b)(6) motion

to dismiss. *Nelson v. State Farm Mut. Auto. Ins. Co*., 419 F.3d 1117, 1119 (10th Cir. 2005).

Following recent Supreme Court decisions, this standard focuses on whether the factual allegations

of the complaint "'state a claim to relief that is plausible on its face.'" *Teigen v. Renfrow*, 511 F.3d

1072, 1078 (10th Cir. 2007); *quoting Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Here, however, Defendant's motion raises a purely legal issue for decision; Defendant does not

dispute that Plaintiff adequately alleges a claim of age discrimination in the termination of his

employment.

The issue presented is whether Plaintiff can pursue both a claim under the Age

Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., and a state law tort claim of wrongful

discharge in violation of public policy under *Burk v. K-Mart Corp*., 770 P.2d 24 (Okla. 1989). Prior

to the Oklahoma Supreme Court's decision in *Saint v. Data Exchange*, 145 P.3d 1037 (Okla. 2006),

Oklahoma law was clear that the federal statutory remedy provided an adequate and exclusive avenue for relief.  *See List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011, 1013 (Okla. 1996).  In *Saint*, 145 P.3d at 1039, however, the Oklahoma Supreme Court announced, "there is a *Burk* tort remedy for those who allege employment age discrimination."  The Oklahoma Supreme Court reached its decision without discussing the adequacy of the federal remedy or the body of case law, such as *List*, holding that federal employment discrimination laws provide an exclusive remedy.  This has created uncertainty in the legal community, particularly federal courts, regarding the state of Oklahoma law in this area.  Within this judicial district alone, jurists have examined the issue and reached different conclusions; Judge Heaton has declared it impossible "to identify a unifying principle or coordinated series of principles in the existing authorities which would provide a definitive guide to the questions presented."  *Peery v. Veolia Water N. Amer.-West LLC*, No. CIV-06-721-HE, Order at 6 (W.D. Okla. April 10, 2007).

In age discrimination cases, however, it appears Judge Heaton stands alone in his decision not to permit a *Burk* tort claim to proceed in tandem with an ADEA claim after *Saint*.  In a recent unpublished decision, the Tenth Circuit also viewed *Saint* as "clarify[ing] that an OADA[/*Burk*] claim could be brought with an ADEA claim."  *Ruleford v. Tulsa World Publ'g Co*., No. 06-5205, 2008 WL 467808, *5 (10th Cir. Feb. 22, 2008); *see also Enderwood v. Sinclair Broadcast Group, Inc*., 233 F. App'x 793, 800 n.1 (10th Cir. 2007) (citing *Saint* as abrogating *List*).  While other district court cases and dicta of the Tenth Circuit are not binding legal authorities, the Court finds itself in agreement with these jurists' common-sense reading of *Saint*, at least as it impacts age discrimination claims.[1]  Because a "federal court must defer to the most recent decisions of the

---

[1] Even judges who have decided not to permit a *Burk* claim for other types of discrimination have viewed *Saint* as controlling in age discrimination cases.  *Compare Eapen v. Dell Mktg. USA,*

2

state's highest court," *Henrie v. Northrop Grumman Corp.*, 502 F.3d 1228, 1231 (10th Cir. 2007)

(internal quotation omitted), this Court will follow *Saint* and the Oklahoma Supreme Court's

decision to provide a *Burk* remedy in an ADEA case.  Therefore, the Court will permit a *Burk* tort

claim to be asserted in this case.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss State Law Claim [Doc.

No. 33] is DENIED.

IT IS SO ORDERED this 21st day of April, 2008.


TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

*LP*, No. CIV-07-277-F, 2007 WL 2248170 (W.D. Okla. Aug. 2, 2007) (Friot, J.) (Title VII and 42 U.S.C. § 1981 preclude *Burk* claim for race discrimination), *with Rutty v. Equi-Management Services, Ltd.*, No. CIV- 2007 WL 108946, 9 (W.D.Okla. Jan. 9, 2007) (Friot, J.) (allowing *Burk* claim in ADEA case).  Notably, unlike other federal anti-discrimination laws, such as Title VII, statutory and tort remedies are not parallel under the ADEA, which does not authorize punitive damages but allows only liquidated damages for willful violations.  *See* 29 U.S.C. § 626(b).