IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GERALD R. MILLER, Trustee of the Bankruptcy Estate of Jimmy Morris, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-06-1008-D |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

The parties' proposed Final Pretrial Report filed April 17, 2008 [Doc. No. 85], is deficient and is not approved for the following reasons:

First, the document is unsigned and does not conform with the Local Civil Rules (Appendix IV) in that it lacks a "Brief Preliminary Statement" suitable for use in jury selection.

Second, Plaintiff has listed new witnesses who were not included in his Final Witness List nor authorized to be added by amendment, and persons for whom no contact information is provided. Plaintiff's belated and incomplete disclosures of witnesses are made in violation of the Scheduling Order and Fed. R. Civ. P. 26(a)(3). Pursuant to Fed. R. Civ. P. 37(c)(1), the consequence of Plaintiff's failure to identify these witness is that he cannot use them to testify at trial unless the failure was substantially justified or is harmless. This issue is the subject of Defendant's Motion to Strike Plaintiff's Witnesses and will be addressed separately.

Third, the proposed Final Pretrial Report reflects a failure by Plaintiff to comply with the Scheduling Order, Fed. R. Civ. P. 26(a)(3), and the Local Civil Rules concerning the disclosure and exchange of evidence. Plaintiff lists categories of documents, gives vague descriptions of exhibits

to which Defendant objects for lack of sufficient identification, and lists documents to which a stated objection is "Not Produced." In addition to Plaintiff's failure of timely disclosure, the parties were required under LCvR39.4(a) to mark for identification and physically exchange or exhibit to opposing counsel, before submission of the pretrial report, all documents to be introduced as evidence. Plaintiff improperly lists as exhibits whole deposition transcripts; he was required by the Scheduling Order to make a separate filing of designations of deposition testimony to be used at trial, which was not done as to the listed depositions. Plaintiff also improperly purports to reserve the right to identify and designate further exhibits.

Finally, the proposed Final Pretrial Report contains excessive objections and reflects a failure of counsel to resolve issues capable of resolution through reasonable, cooperative efforts. For example, Defendant objects on authentication grounds to records of public agencies, namely, the Oklahoma Employment Security Commission and the Equal Employment Opportunity Commission.

The parties are ordered to correct these deficiencies. In preparing a revised Final Pretrial Report, the parties shall:

1) draft a joint statement of the case to be used in jury selection, which shall appear in the revised report as the "Brief Preliminary Statement;"

2) ensure compliance with all requirements of the Scheduling Order and withdraw any proposed witnesses and exhibits not timely disclosed, unless otherwise ordered;

3) pre-mark and exchange all exhibits;

4) attempt to resolve all objections reasonably capable of resolution through cooperative efforts and stipulate to the admissibility of as many exhibits as reasonably possible;

5) attempt to reach stipulations as to facts that are not disputed or reasonably disputable so as to eliminate unnecessary witnesses and exhibits;

6) list only necessary exhibits and witnesses; and

7) accomplish all other necessary and appropriate steps to reduce the number of

exhibits, witnesses, and objections and otherwise streamline the case and reduce the length of the trial.

The parties shall submit a revised Final Pretrial Report not later than 12:00 noon on Friday, May 9, 2008.

IT IS SO ORDERED this 6th day of May, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE