IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GERALD R. MILLER, Trustee of the Bankruptcy Estate of Jimmy Morris, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-06-1008-D |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Strike Plaintiff's Witnesses [Doc. No. 94]. Plaintiff has timely opposed the Motion.

Defendant seeks an order striking certain witnesses listed by Plaintiff in the Final Pretrial Report filed April 17, 2008.[1] Aside from evidentiary issues regarding the admissibility of the witnesses' anticipated testimony, which Defendant has also raised in separate motions *in limine* and will be addressed by separate orders, Defendant contends Plaintiff should not be permitted to call trial witnesses who were not timely disclosed under the Scheduling Order or otherwise disclosed before the close of discovery. Specifically, two former employees of Defendant who Plaintiff will call to testify about their age discrimination claims, Nancy Satterlee and Tammie Davenport,[2] were not listed in the Plaintiff's final witness list filed November 5, 2007. *See* Pl.'s Witness & Ex. List [Doc. No. 26]. Plaintiff identified these persons as potential witnesses as early as December, 2007,

---

[1] This Final Pretrial Report was rejected as deficient, but a revised report is due to be filed by May 9, 2008. *See* Order 5/6/08 [Doc. No. 133].

[2] The Court incorporates the spelling utilized in Defendant's Motion; Plaintiff has listed this witness as "Tammy" Davenport.

when he issued subpoenas for records concerning their cases, but Plaintiff never requested permission to amend his witness list to include them. In addition, Plaintiff first disclosed ten other proposed witnesses by listing them in the Final Pretrial Report, a draft of which was first provided to Defendant after the discovery cutoff: Sandra Johnson; Carolyn Rich; Jesse Johnson; Misty Pittman; Kris Guinn; Howard Hess; Pam Ford; Peggy Carrier; Wayne Pierce; and Frank Love.[3] These witnesses became known to Plaintiff in several ways: some were identified on March 26, 2008, from Defendant's responses to Plaintiff's second discovery requests; some were identified on April 16, 2008, from Defendant's production of documents pursuant to Magistrate Judge Doyle Argo's ruling on a motion to compel; Howard Hess was identified on April 4, 2008, through Plaintiff's independent investigation of his case; Sandra Johnson was identified on March 25, 2008, presumably in the same manner; and Frank Love was identified in December, 2007, through Plaintiff's investigation of other cases against Defendant.

As to witnesses Satterlee and Davenport, the Court finds that Plaintiff's belated disclosure of these witnesses should be excused. Pursuant to Fed. R. Civ. P. 37(c)(1), a party's failure to identify a witness in a timely manner may be excused if the failure was substantially justified or is harmless. Similarly, under the Court's scheduling order, a witness omitted from a party's final witness list may be permitted to testify for good cause shown. These standards are met as to Satterlee and Davenport because Plaintiff learned of these witnesses after filing his final witness list and because Defendant is not prejudiced by their omission. Although Plaintiff should have sought to amend his list to include them, Defendant plainly knew through Plaintiff's issuance of subpoenas for their case records of Plaintiff's interest in utilizing evidence concerning their discrimination

---

[3] During the pretrial conference held on May 7, 2008, Plaintiff's counsel designated two other newly disclosed witnesses, Krystal Davison and Brennan Atkeson, as rebuttal witnesses only.

claims to prove his case. Further, through previous lawsuits filed by these two witnesses, Defendant is well aware of their allegations and likely testimony. Indeed, Defendant ably argues in its First Motion *in Limine* that these witnesses' testimony should be excluded due to factual dissimilarities between their claims and Plaintiff's. Thus, Defendant has not been prejudiced by Plaintiff's failure to name these witnesses in his final witness list.

As to the other witnesses, the Court's analysis depends, at least in part, on the manner in which their identities became known to Plaintiff. As to persons who were not timely identified due to outstanding discovery issues and Defendant's recent production of documents – that is, witnesses first identified on April 16 – the Court finds Plaintiff's failure to identify these witnesses sooner was substantially justified. Similarly, as to witnesses identified in Defendant's March 26 answers to interrogatories, the Court is unwilling to apply a rigid rule of exclusion. Although Plaintiff could have issued his second discovery requests earlier, the status of the case schedule was somewhat uncertain at that time due to the pendency of numerous discovery disputes. Notably, Plaintiff filed in February, 2008, a motion to extend the April 3 deadline to complete discovery due to outstanding discovery issues. Defendant opposed that motion, and the Court subsequently denied it. Strict adherence to the discovery cutoff and disclosure deadlines without regard to Plaintiff's ability to meet them would confer an unfair advantage on Defendant, who controlled the necessary information. Thus, the Court finds Plaintiff's late disclosure of these witnesses was substantially justified.

However, as to witnesses whom Plaintiff independently discovered through his own investigative efforts, the Court finds no substantial justification for Plaintiff's failure to disclose these witnesses in a timely manner. As to Frank Love, whom Plaintiff admittedly identified as a potential witness in December, 2007, Plaintiff states no reason for failing to list him as a witness or

3

otherwise disclosing an interest in his testimony within the time period for discovery. Similarly, Plaintiff does not explain why he was not able to identify Sandra Johnson and Howard Hess within the applicable time limitations.

Moreover, the failure timely to identify these independently identified witnesses cannot be said to be harmless. Presumably, Defendant can ascertain from interviewing Frank Love, a senior executive, what he knows about the case, and Plaintiff's apparent purpose in naming Mr. Love can be gleaned from arguments in Plaintiff's Response to Defendant's Second Motion *in Limine*, which seeks to exclude Mr. Love's testimony on grounds of relevance and undue prejudice. Based on testimony of other persons given in past discrimination cases against Defendant, Plaintiff contends Mr. Love has made ageist comments on several occasions that suggest a company-wide policy of age discrimination. Plaintiff presumably intends to examine Mr. Love about these alleged remarks and, perhaps, about company policies and practices concerning older workers. Because Mr. Love has not been deposed, however, Defendant is left to speculate about Plaintiff's likely examination. This uncertainty hampers Defendant's trial preparation and creates a potential for considerable prejudice due to Mr. Love's position in the company and the potential that jurors may give his testimony great weight. Likewise, Defendant is left to speculate regarding the testimony of Mr. Hess and Ms. Johnson; the nature of their proposed testimony is unclear.[4]

In short, Plaintiff has not shown that his failure to timely name Mr. Love, Mr. Hess, and Ms. Johnson was substantially justified or is harmless. Thus, Plaintiff will not be permitted to use

---

[4] Defendant states that it did not employ Mr. Hess and has been unable to determine his connection to the case; Ms. Johnson is identified only as someone with information about the filing and processing of Plaintiff's claim for unemployment compensation.

4

these witnesses to testify at trial, and they should not be listed by Plaintiff in the Final Pretrial Report.

IT IS THEREFORE ORDERED that Defendant's Motion to Strike Plaintiff's Witnesses [Doc. No. 94] is GRANTED in part and DENIED in part, as set forth above.

IT IS SO ORDERED this 9th day of May, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE