IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GERALD R. MILLER, Trustee of the Bankruptcy Estate of Jimmy Morris, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-06-1008-D |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., | ) ) ) ) | |
| Defendant. | ) | |

**<u>O R D E R</u>**

Before the Court is Defendant's First Motion *In Limine* [Doc. No. 86], seeking to exclude evidence and argument regarding employment discrimination claims and administrative charges filed by other former employees who were not similarly situated to Plaintiff and have no personal knowledge of the circumstances surrounding his termination. Defendant asserts that other individual's claims are irrelevant to the trial issues in this case and the introduction of evidence concerning them would be unduly prejudicial, thus warranting exclusion under Fed. R. Evid. 403. Anticipating Plaintiff's potential witnesses, Defendant contends that no testimony concerning claims of other former employees should be permitted. Plaintiff opposes the Motion by arguing that evidence of Defendant's age-based terminations of other employees is relevant, and necessary, to prove Plaintiff's allegation that Defendant engaged in a company-wide discriminatory practice of terminating older workers, including Plaintiff.

The parties hold different views of the prevailing law regarding the admission of anecdotal evidence of discrimination against other employees in the trial of an individual disparate treatment claim. Defendant contends that, for evidence of other claims to be admissible, Plaintiff must establish a sufficient relationship between his circumstances and those of other employees by

showing he and other claimants were similarly situated "contextually, geographically, and temporally." *See* Defs.' First Mot. [Doc. 86] at 6. Plaintiff argues that other employees' claims of similar discriminatory treatment (here, age-based terminations of employment) may be used to establish a company-wide pattern of discrimination, regardless whether the other employees were similarly situated to Plaintiff, so long as a logical relationship is shown. Accordingly, Plaintiff presents no argument to show he is similarly situated to other employees whose allegations of discrimination may be offered at trial. Plaintiff instead simply argues that his proposed evidence is relevant and admissible to show Defendant's discriminatory intent and that the prejudicial effect of admitting this evidence can be cured with an appropriate limiting instruction.

The Supreme Court made clear in *Sprint/United Management Co. v. Mendelsohn*, 128 S. Ct. 1140, 1147 (2008), there are no *per se* rules regarding the admissibility in individual ADEA cases of testimony by other employees who claim to be victims of age discrimination by the employer:

> The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry.

To assess the probative value of Plaintiff's proposed evidence in this case, this Court must know more about the circumstances surrounding the witnesses' alleged age-based terminations in order to determine whether there is a logical or reasonable relationship between those terminations and Plaintiff's. In *Mendelsohn*, for example, the court of appeals opined that similar terminations of older workers within a single year as part of an ongoing company-wide reduction in force, or RIF, were logically tied to the decision to terminate the plaintiff, and thus the testimony of other former employees regarding their alleged discriminatory treatment was relevant to the employer's discriminatory intent. *See Mendelsohn v. Sprint/United Management Co.*, 466 F.3d 1223, 1228

(10th Cir. 2006), *rev'd sub nom.*, 128 S. Ct. 1140 (2008). Similarly, in *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 560 (10th Cir. 1996), the plaintiff presented evidence that his termination fit a pattern of age-based dismissals that included eight other top-level executives over the age of 50 being replaced by younger persons within a year after a new 42-year-old president took control of the company.

In the instant case, there was no RIF, and the Court lacks sufficient information to conclude that other employees' terminations were logically or reasonably tied to Pat Duke's decision to terminate Plaintiff. In addition, performing a Rule 403 balancing of probative force against prejudicial effect will require the Court to evaluate the proposed testimony within the context of other trial evidence, which remains largely unknown to the Court. In short, the parties have provided insufficient information about the proposed evidence and the alleged circumstances to enable the Court to make a reasoned decision.

Therefore, the Court declines to rule in advance of trial on the admissibility of Plaintiff's proposed evidence of other employees' allegedly age-based terminations. Instead, Plaintiff is directed to inform the Court during the trial before he calls a former employee to testify about the witness's alleged discriminatory termination by Defendant. At that time, the Court will conduct an inquiry outside the presence of the jury into facts necessary to determine the admissibility of the witness's anticipated testimony. If necessary, this inquiry may include a preliminary examination of the witness pursuant to Fed. R. Evid. 104. The Court will expect Plaintiff to make a particularlized showing as to the relevance of the witness's proposed testimony, and then will permit the parties to present their arguments regarding Rule 403 considerations. If either party intends to request a limiting instruction to mitigate any prejudice to Defendant of admitting such evidence, a

proposed jury instruction should be submitted in writing for consideration by the Court in advance of the presentation of evidence.

IT IS THEREFORE ORDERED that Defendant's First Motion *In Limine* [Doc. No. 86] is DENIED.

IT IS SO ORDERED this 9th day of May, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE